UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY HARDY,

                Plaintiff,                                    Hon. Janet T. Neff

v.                                                Case No. 1:18-CV-628

CITY RESCUE MISSION
OF LANSING, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff initiated this action on June 4, 2018, against the City Rescue Mission of Lansing (City Rescue Mission) and several individuals. (ECF No. 1). Plaintiff has now been permitted to amend his complaint. (ECF No. 25). As ordered, Plaintiff's Amended Complaint, (ECF No. 26, previously filed at ECF No. 16-1, PageID.91-104), constitutes the complete operative complaint going forward. Because Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

## BACKGROUND

        In his Amended Complaint, Plaintiff alleges the following. On or about June 21, 2017, Plaintiff reported to a staff member of the City Rescue Mission of Lansing (hereinafter City Rescue Mission) that money was being stolen from his pants pockets while he slept. On or about

1

June 24, 2017, the City Rescue Mission's Director, Randy Barton, informed Plaintiff that a review of the Mission's security cameras revealed that the only person who accessed Plaintiff's "assigned locker" was Plaintiff.   Barton also stated to Plaintiff, "when you find your money let [me] know" which caused Plaintiff to suffer "serious mental and emotional injury."   Subsequent investigation revealed that an employee of the Mission named Justin had been stealing from Plaintiff and other Mission guests.

On an unspecified date, Plaintiff had his laptop computer plugged into a wall outlet. Justin unplugged Plaintiff's computer, informing Plaintiff that he "was only allowed to plug up his cell phone."   Plaintiff responded by noting that other "white males" were allowed to plug in their computers.   When Plaintiff asked Justin if this disparity was because Plaintiff was black, Justin replied, "maybe."

On or about December 18, 2017, Plaintiff returned to City Rescue Mission.   Before permitting Plaintiff to enter the premises, Zachary, a night supervisor at the Mission, requested that Plaintiff take a breathalyzer test as required by Mission policy.   Plaintiff refused the test, however, and was instructed that he could not return to the Mission for seven days.   On or about December 18, 2017, Robert Weller "released information" about Petitioner to "the prosecutor's office" without Plaintiff's permission.   Weller took this action "out of retaliation."   On or about December 22, 2017, Plaintiff returned to the Mission.   Plaintiff was unable to provide a breathalyzer sample and was again instructed to leave.

On unspecified date(s), Mark Bozzo defamed Plaintiff by informing others that Plaintiff was a registered sex offender.   Bozzo refused to discontinue this behavior, but instead was determined to retaliate against Plaintiff because of success Plaintiff obtained in three previous lawsuits

2

against Bozzo.   On or about December 19, 2017, Bozzo informed Plaintiff that he (Bozzo) had previously conspired with Zachary to falsely report that Plaintiff had been consuming alcohol.   Bozzo also refused to pay Plaintiff for cleaning services he performed.

Plaintiff alleges that Defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments.   Plaintiff further alleges that Defendants violated his rights under the Americans with Disabilities Act (ADA).   Plaintiff further alleges causes of action under 42 U.S.C. §§ 1981, 1985(3), 1986, and 1988.   Plaintiff has asserted these claims against the City Rescue Mission of Lansing and eight individuals.   Plaintiff seeks $1.2 million dollars in damages.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## <u>ANALYSIS</u>

I.        **Constitutional Claims**

Plaintiff alleges that his rights under the First, Fourth, Eighth, and Fourteenth Amendments were violated in this matter.   Defendant City Rescue Mission is a private entity and the eight individual defendants are all private actors.   Plaintiff's constitutional claims cannot be maintained against private actors.  *See Wilkerson v. Warner*, 545 Fed. Appx. 413, 421 (6th Cir., Oct. 31, 2013) ("[a] private entity or individual acting alone cannot deprive an individual of her First Amendment rights"); *United States v. Miller*, 2017 WL 2705963 at *2 (E.D. Ky., June 23, 2017) ("the Fourth Amendment is wholly inapplicable to searches and seizures by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official"); *Justice v. King*, 2015 WL 1433303 at *15 (W.D.N.Y., Mar. 27, 2015) ("a plain reading of. . .the Eighth Amendment. . .reveals that [it cannot] be violated by private actors"); *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 350 (1974) ("private action is immune from the restrictions of the Fourteenth Amendment").

Nevertheless, the actions of private individuals and entities can constitute state action where a private individual's conduct "is fairly attributable to the state." *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).   The Sixth Circuit has articulated three separate tests for determining whether conduct taken by a private individual constitutes state action: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test.   *Id.* at 827-28.

Plaintiffs allegations are insufficient to satisfy any of these standards.   Defendants are not state actors under the public function test because they are not alleged to have exercised "powers traditionally exclusively reserved to the State."   *Id.* at 828.   Defendants are not state actors under the state compulsion test because there is no allegation that the state "exercise[d] such coercive power or provide[d] such significant encouragement" that "the choice of the private actor is deemed to be that of the state."   *Wilcher v. City of Akron*, 498 F.3d 516, 519-20 (6th Cir. 2007).   Finally, Defendants are not state actors under the symbiotic relationship or nexus test because there is no allegation that "there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself."   *Id.* at 520.   Accordingly, the undersigned recommends that Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment claims all be dismissed.

## II.        Statutory Claims

Plaintiff alleges causes of action under 42 U.S.C. §§ 1981, 1985(3), 1986, and 1988, none of which are viable.   Section 1981 "prohibits racial discrimination in the making and enforcement of contracts."   *McCormick v. Miami University*, 693 F.3d 654, 659 (6th Cir. 2012).   Plaintiff has not alleged that he suffered racial discrimination regarding the making or enforcement of

a contract.  Section 1988 "does not itself provide a cause of action," but instead "merely instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts." *Hayes v. Cowans*, 2014 WL 2972298 at *6 (W.D. Tenn., July 2, 2014).

To establish a violation of section 1985, Plaintiff must establish the following elements: (1) a conspiracy involving two or persons, (2) for the purpose of depriving directly or indirectly, a person or class of persons of equal protection of the laws, (3) an act in furtherance of the conspiracy, and (4) which causes injury to a person or property, or a deprivation of a right or privilege.  *See Coker v. Summit County Sheriff's Department*, 90 Fed. Appx. 782, 788-89 (6th Cir., Dec. 15, 2003).  The acts depriving Plaintiff of the equal protection of the laws "must be the result of class-based discrimination."  *Id.* at 789.  Plaintiff has failed to allege facts satisfying this standard.

Section 1986 imposes liability on any individual who possesses knowledge that "any of the wrongs" proscribed in section 1985 are "about to be committed," yet fails to take action to prevent their commission.  42 U.S.C.§ 1986.  However, in the absence of a violation of section 1985, "there can be no violation of section 1986."  *Seguin v. Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992).  Accordingly, the undersigned recommends that Plaintiff's claims under 42 U.S.C. §§ 1981, 1985(3), 1986, and 1988 all be dismissed.

## III.        Americans with Disabilities Act (ADA) Claims

Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  *Anderson v. City of Blue Ash*, 798 F.3d 338, 356 (6th Cir. 2015) (quoting 42 U.S.C. § 12132).  The ADA defines "qualified individual with a disability" as "an

6

individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131.

To make out a prima facie case of discrimination under Title II of the ADA, Plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Anderson*, 798 F.3d at 357. Plaintiff must further establish that the discrimination he allegedly experienced "was *intentionally* directed toward him. . .in particular." *Ibid.*

With respect to his ADA claims, Plaintiff alleges that he was denied emergency housing at the City Rescue Mission and, moreover, was denied "the illegal employment offered at the City Outreach." Plaintiff alleges that he was denied entrance to the Mission when he either refused or was unable to take a breathalyzer test. Plaintiff fails to articulate the disability from which he allegedly suffers and how such resulted in him being refusing him admittance to the Mission or the opportunity to perform "illegal employment." Plaintiff further fails to allege that the decision to refuse him admittance to the Mission or deny him "illegal employment" was solely because of his alleged disability or that Defendants acted to intentionally discriminate against him. The undersigned, therefore, recommends that Plaintiff's ADA claims be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal

of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: November 14, 2018                      /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge

8